DICKEY v. DICKEY.

1. PRACTICE IN PROBATE CASES.

Is is error, after the expiration of the time allowed by law for the presentation of claims against an estate, to permit a claim filed to be so amended as to substitute a different demand.

2. SAME—EVIDENCE.

Proof that the claimant delivered a check to the deceased, by whom it was indorsed and collected on his own account, is not evidence of a loan to the deceased.

3. SAME.

When there is no proof to support the claimant's demand, there is no question to submit to the jury.

*Appeal from the County Court of El Paso County.*

Mr. T. H. HARDCASTLE, for appellant.

Messrs BROOKS, ARMIT & BLACKMER, for appellee.

REED, P. J., delivered the opinion of the court.

In April, 1893, Clement C. Dickey died testate. On the 26th day of June following, the will was admitted to probate. By the will, appellee was appointed executrix. Appellant was a beneficiary under the will to receive $20,000 in cash; provided that, in case the estate did not, at a fair valuation, amount to $50,000, appellant was to receive but $10,000. There were other bequests, amounting to $5,000, and the residue of the estate to his wife (appellee). On April 30, 1894, the widow filed in court a claim against the estate for money loaned the husband October 13, 1891, $700, and interest, $196, making the claim $896. On May 30th appellant filed a petition against the allowance of the claim. There was nothing to show the value of the estate, but from the intervention of appellant it may be inferred that the allowance of the claim of the widow would reduce the estate below $50,000. On December 3, 1894, the court allowed

appellee to file an amended claim as follows: " Oct. 31, 1891. To cash advanced and loaned to deceased, $1,600. Jan. 1892, credit by cash, $900. Balance, $700 and interest." A trial was had to a jury, resulting in a verdict for appellee for $873.13. Judgment upon the verdict.

The check for $1,600 drawn by appellee upon Drexel & Co., Philadelphia, dated October 31, 1891, payable to the deceased husband, was proved to have been signed by her, indorsed by the husband, collected, and the money placed to the account of the husband. The check and the above evidence in regard to it was all the evidence in the case. It is urged, first, that the court erred in allowing the account or new claim to be filed. Although the amount of the claim was substantially the same, the claims were not the same. The first was for $700, loaned October 13, 1891, with interest; the second, for the balance of $700, on a loan of $1,600, made October 31, 1891, on which there had been paid in January following (no day of the month given), $900. It is obvious that they were not the same claim, and when the second was filed the statutory time for the filing of claims had expired, and the claim was barred.

Counsel for defendant asked the following instruction, which was refused, and error assigned upon such refusal: " The defendant prays the court to instruct the jury that the bank check of the claimant, in evidence in this action, is not, of itself, proof of the loan of the money it calls for as a loan, and that said check does not of itself, without other evidence, establish the claimant's claim; and, further, that there is no evidence of the nonpayment or return of the amount of money represented by said check, and that the burden of the proof as to nonpayment or return of said amount is upon the claimant." The instructions given by the court necessary to be considered were the following:

" The court instructs you that the claimant, to recover in this case, must prove her claim by a preponderance of all the evidence; and if you find that the evidence is evenly balanced, or preponderates in favor of the defendant, then your verdict should be for the defendant.

"The court instructs you that you will fully and fairly consider all the evidence that has been presented herein, and give a verdict for the party whom you believe is entitled to it under such proof, meaning to instruct you by that to arrive at a verdict you think is equitable and right.

"The court instructs you that the bank check in evidence in this case is not in itself proof of the loan of the money it calls for, or of the debt. I mean by that that it might have been given as a loan or might have been a gift. Nor is this check evidence that the money which it calls for has not been repaid by the defendant to the claimant. You will consider the check in evidence, as any other evidence in the case, for whatever it is worth, in connection with the other evidence given herein."

The substance of defendant's refused instructions was given substantially in those of the court. The check was no evidence of the loan. There was no other evidence. Consequently, there was an absolute failure of proof of the claim. There was no question to be submitted to a jury. The third instruction was, at the least, unique and peculiar, certainly without precedent, especially in the latter clause, where he explains his meaning to be that the jury could find any verdict it thought "equitable and right." The jury should have been instructed that there was no evidence establishing the claim, and that the verdict must be for the defendant, the estate. The judgment must be reversed, and cause remanded, for the reasons above given.

*Reversed.*