No. 11,183.

HIGGINSON, EXECUTOR, ET AL. v. HIGGINSON.

Decided April 6, 1925.

Action on claim against an estate.   Judgment for claimant.

*Affirmed.*

*On Application for Supersedeas.*

1.  EXECUTORS AND ADMINISTRATORS—*Claims—Proof.*   Judgment for a widow on a claim against the estate of her deceased husband for money loaned held, under the facts disclosed, sufficiently supported by the introduction in evidence of her bank check to his order bearing his endorsement.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Mr. RALPH E. STEVENS, Mr. O. A. ERDMAN, for plaintiffs in error.

Mr. JOHN T. BOTTOM, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THE district court of Jefferson county, on appeal from the county court, rendered a judgment in favor of a claimant who had filed a claim against the estate of a decedent. The executor and executrix bring the cause here for review and apply for a supersedeas.

The only question presented is whether there was any evidence to establish the claim, or, in other words, to support the judgment.

The claimant is the widow of the decedent. Her claim is for money alleged to have been loaned by her to her husband, in his life time, on January 11, 1918. Not being permitted to testify as to any transactions or conversations had with the deceased, the claimant was obliged to rely upon two certain bank checks, and the endorsements appearing on each, as evidence that there is due her from the estate the amount claimed.

One of the checks is dated January 11, 1918, payable to the order of J. Higginson, in the sum of $1,700, and signed by this claimant, Mrs. B. P. Higginson. If this was the only evidence, it would not, under the holding in *Dickey v. Dickey*, 8 Colo. App. 141, 45 Pac. 228, be sufficient to prove the claim. In the case cited it was said that "the check was no evidence of the loan." It does, however, show that the decedent, in his lifetime, received $1,700 from this claimant. The trial court drew the inference, and we think properly, that the decedent used the money for his own purposes, since he indorsed the check, not in blank, but with the endorsement reading "Pay to Colorado National Bank or order."

The other check is one upon a form used by banks for their counter checks. The inference may be drawn that it was made out in the bank, at the counter. It is all in the handwriting of J. Higginson, aside from the usual printed words; is signed by him, and is made payable to this claimant. It is in the sum of $500. It is dated five days later than was the check given by Mrs. Higginson to her husband. The endorsement reads: "Mrs. B. P. Higginson by J. Higginson." We may draw from this the inference that J. Higginson took $500 from his own account and placed it to the account of Mrs. B. P. Higginson. Having received from her the sum of $1,700 some days before this, we may draw the inference that in giving her $500, he was not making a gift but was repaying a part of a loan he had received from her. The trial court was right in holding that the claimant made out a prima facie case. The executor and executrix offered no evidence. The claimant's evidence is sufficient to support the judgment.

The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.